**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Arif Mehmood | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Tieqiang Ding | : | |
| Defendant. | : | October 26, 2010 |

**COMPLAINT**

## I.    INTRODUCTION

1.      This is an action brought by the plaintiff, Tarif Mehmood, against the defendant, Tieqiang Ding, arising from the defendant's failure to pay the plaintiff wages for his work.  The plaintiff alleges violations of the overtime provisions of the federal Fair Labor Standards Act (FLSA), 29  U.S.C. §201, et seq., and the overtime wage and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 et seq.  The plaintiff seeks double his unpaid wages and reasonable attorney's fees and costs pursuant to the FLSA and Connecticut law.

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

III.   **THE PARTIES**

4.      The plaintiff is Arif Mehmood, a resident of Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendant as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.      Defendant Tieqiang Ding is a resident of 5 Warren Road, Woodbridge, Connecticut. The defendant owns and operates two franchise Subway sandwich restaurants located at 676 New Haven Avenue and 656 New Haven Avenue in Derby, Connecticut. At all times relevant to this Complaint, defendant Tieqiang Ding made all relevant decisions regarding payment of wages to the plaintiff. At all times relevant to this Complaint, the defendant was an employer as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

IV.   **STATEMENT OF FACTS**

7.      The plaintiff became employed by the defendant as a restaurant worker in or about February 17, 2008.

8.      The defendant offered and agreed to pay the plaintiff at the rate of $9.00 an hour.

9.      The plaintiff regularly worked in excess of forty hours each week. Records that were submitted by the defendant to his franchisor, Subway (Doctor's Associates, Inc.) show the number of hours that the plaintiff actually worked each week, and confirm that he regularly worked in excess of forty hours each week.

2

10. The number of hours worked by the plaintiff varied from week to week, but on average he worked 62 hours each week.

11. In or about May 2008, the defendant offered to assist the plaintiff in saving the money necessary to buy the defendant out of one of the two franchise restaurants he operated. The defendant offered to assist the plaintiff by only paying him for the first forty hours of work that he performed each week, and would set aside any wages earned over and above that amount.

12. The plaintiff accepted the defendant's offer. Each week from in or about May 2008 until in or about May 2009, the plaintiff was paid for only the first forty hours that he worked that week. The defendant did not pay the plaintiff for any hours worked above forty hours in each week.

13. In or about May 2009, the defendant told the plaintiff that in order to further assist him, the defendant would henceforth pay the plaintiff for only the first thirty hours that he worked each week, and would set aside any wages earned over and above that amount.

14. The plaintiff accepted the defendant's offer. Each week from in or about May 2009 until in or about April 2010, the plaintiff was paid for only the first thirty hours that he worked that week. The defendant did not pay the plaintiff for any hours worked above thirty hours in each week.

15. In or about April 2010, the plaintiff came to the defendant and explained that his circumstances had changed and that he no longer wished to buy out the defendant. The plaintiff asked the defendant to give him the money that the defendant had purportedly been setting aside for him since May 2008.

3

16. The defendant responded that he did not have the plaintiff's money, and that he had various personal obligations that prevented him from being able to pay the plaintiff any of the money that he had purportedly set aside.

17. The defendant refused to pay to the plaintiff the regular and overtime wages he had earned but had not been paid in the period of May 2008 until April 2010.

18. The plaintiff estimates that the total of wages owed to him by the defendant is in excess of thirty-three thousand dollars ($33,000.00).

## V.    COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1. The plaintiff restates re-alleges and incorporates by reference paragraphs 1 through 18, above.

19. The defendant did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207 and Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

20. The defendant's failure to pay overtime wages as required by federal law was willful, inasmuch as the defendant was aware of his obligation to pay the plaintiff overtime wages and did not do so.

21. The defendant's failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendant was aware of his obligation to pay the plaintiff overtime wages and did not do so.

## VI.    <u>COUNT TWO: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES</u>

1.    The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 21, above.

22.    The defendant failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

23.    The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages owed.

24.    The defendant's failure to pay wages at the agreed-upon rate as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendant was aware of his obligation to pay the plaintiff and did not do so.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that this Court:

1. Order the Defendant to pay to the Plaintiff all wages owed, consistent with the federal and Connecticut overtime and wage payment laws;

2. Award the Plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

3. Award the Plaintiff his reasonable attorney's fees and costs;

4. Award the Plaintiff prejudgment and post-judgment interest.

5. Award the Plaintiff such other legal and equitable relief that the Court deems appropriate.


RESPECTFULLY SUBMITTED,
THE PLAINTIFFS


Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com